On Rehearing.
PER CURIAM.
We do not see how the decision in this case can have the disastrous consequences apprehended by the learned counsel for Mrs. Chaffraix. The tax sale is annulled, and Mrs. Chaffraix is adjudged to be owner of the land; but Kidd is held to have the rights of a possessor in good faith, and the plaintiff is held to have attached these rights by attaching the entire property, on the principle that the lesser is included in the whole. The nature and extent of these rights, however, is not determined.
Nor do we see exactly what Kidd’s having promised to buy the land from Mrs. Chaffraix can have to do with the present case. By this promise Kidd acknowledged that he had no title to the land; but he did not acknowledge that he had been a possessor in bad faith, nor otherwise renounce his rights as a possessor in good faith; and it is these rights, such as they may happen to be, that the plaintiff has attached in this ease. In this case Mrs. Chaffraix is not seeking to enforce this provision of sale. Her rights under same would be to specific performance, or to damages for nonperformance. She is not propounding either of these rights in this case.
The effect of our decree is simply to affirm the judgment of the ’Court of Appeal, except that the case is remanded to the district court, for that court to fix as between Mrs. Chaffraix and plaintiff (the latter standing in the shoes of Kidd) the right which Kidd, as a possessor in good faith, may have in the premises; the situation being exactly as if Mrs. Chaffraix had recovered the property •from Kidd in a petitory action, and Kidd had been decreed to have been a possessor in good faith, and to be entitled to all the rights of such a possessor under our law.